# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHNNIE D. YOUNG,** : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 3:09-2513** |
| v. : | |
| : | **(KOSIK, D.J.)** |
| **COMMONWEALTH OF** : | **(MANNION, M.J.)** |
| **PENNSYLVANIA and PA STATE** | |
| **ATTORNEY GENERAL,** : | |
| Respondents : | |

## REPORT AND RECOMMENDATION[1]

On December 22, 2009, the petitioner, an inmate at the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his conviction in York County, Pennsylvania, on charges of possession of cocaine, possession of cocaine with intent to deliver, possession of drug paraphernalia, driving under the influence, disregard of traffic control device, and following another vehicle too closely. (Doc. No. 1). The petitioner raised the following grounds for relief in his petition: (1) that the vehicle stop that served as the precursor to his arrest was unconstitutional; (2) that the prosecution of his case was unreasonably delayed; and (3) that the search of

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

his person was unconstitutional.

By report dated August 9, 2010, it was recommended that the petition be denied. (Doc. No. 41)[2]. Specifically, the court found that the petitioner had failed to raise and thus exhaust his undue delay claim in the state courts, rendering the claim procedurally defaulted, and further, that the petitioner had failed to show cause or prejudice for the default. The undersigned recommended that the remaining two Fourth Amendment claims be barred pursuant to Stone v. Powell, 428 U.S. 465 (1976), as the petitioner had a full and fair opportunity to litigate those claims in the state court.

On August 23, 2010, the petitioner filed objections to the report which, for the first time, raised claims of ineffective assistance of counsel. (Doc. No. 44). The petitioner argued that, with respect to the Fourth Amendment claims which were admittedly barred by Stone, he had not had a full and fair opportunity to litigate those claims in the state court due to ineffective assistance of counsel; therefore, he argued that those claims could be considered in the context of an ineffective assistance of counsel claim. The petitioner further argued that his undue delay claim was not procedurally defaulted and indicated that such delay was also due to ineffective assistance of counsel.

---

[2]In addition, the undersigned recommended that a motion to stay proceedings filed by the petitioner, (Doc. No. 9), be denied.

2

By memorandum and order dated November 22, 2010, the district judge declined to adopt the report of the undersigned on the basis that the petitioner had not been informed of his rights and responsibilities in filing a §2254 action in accordance with Mason v. Myers, 208 F.3d 414, 416 (3d Cir. 2000). (Doc. No. 53). The matter was remanded for further proceedings, including the issuance of a notice of election in accordance with Mason.

On November 23, 2010, the undersigned issued an order advising the petitioner of his rights, as well as a notice of election giving the petitioner 45 days to inform the court as to whether he would like to proceed with his petition as filed, or withdraw his petition and submit one all-inclusive petition. (Doc. No. 54).

Shortly after the court issued the administrative order, apparently in response to the district judge's memorandum and order remanding the matter, on November 30, 2010, the petitioner filed a document entitled "Amendment to Petition Filed for Writ of Habeas Corpus." (Doc. No. 55, Doc. No. 56). The petitioner followed his "amendment" with correspondence to the Clerk of Court dated December 14, 2010, in which he expressed confusion regarding the court's administrative order and inquired as to whether he needed to file anything further to comply with the order. (Doc. No. 58).

On March 8, 2011, the respondents moved to dismiss the amended

3

petition, in part, on the basis that the petitioner's "amendment" to his petition did not meet the requirements of the court's administrative order. (Doc. No. 78). Specifically, the respondents argued that the petitioner simply made a bald claim of ineffective assistance of counsel without presenting any factual or legal basis for that claim. Further, the respondents argued that the petitioner failed to comply with the court's directive that he indicate his intention to either proceed on his petition as filed or file a new comprehensive petition to include all grounds for relief which the petitioner wished to raise. The respondents sought therefore to have any claim of ineffective assistance of counsel by the petitioner dismissed. By order dated April 18, 2011, the undersigned agreed that the petitioner's amendment did not meet the requirements of the administrative order issued by the court, but allowed the petitioner an additional opportunity to submit a proper filing. (Doc. No. 86).

On April 28, 2011, the petitioner filed what he purported to be his "one all-inclusive" petition. (Doc. No. 87). Upon review, the petition appears to raise the following six claims: (1) the vehicle stop underlying his charges was unconstitutional; (2) he was subjected to unreasonable delay depriving him of due process in his state court proceedings; (3) there was insufficient cause to search his person and that the evidence recovered from the search was inadmissible; (4) his counsel was generally ineffective; (5) his counsel was

specifically ineffective for failing to challenge "discretionary aspects of the case"; and (6) counsel was ineffective for "interfering with the petitioner testifying."[3] On July 6, 2011, the respondents filed a response to the petition. (Doc. No. 111). On July 19, 2011, the petitioner filed a reply brief, (Doc. No. 112), along with exhibits, (Doc. No. 113). The petitioner filed an amended reply on July 25, 2011, (Doc. No. 114), and additional exhibits on August 10, 2011, (Doc. No. 116).

By order dated March 28, 2012, the court noted that, as of the response to the amended petition, the petitioner had pending in the state court a post-conviction petition which had been pending a hearing. (Doc. No. 139). Given the passage of time, it was unclear as to whether the post-conviction petition was still pending or had since been exhausted. As a result, the respondents were directed to provide the court with the status of the post-conviction petition, along with a copy of any relevant corresponding documents from the state courts. On April 9, 2012, the respondents filed a response to the court's order indicating that, as of their response, the petitioner had exhausted his state court remedies with respect to his post-conviction petition, and providing a copy of the state courts' documents relating thereto. (Doc. No. 148).

---

[3]In a subsequent filing, the petitioner indicates that his petition raises only four claims. (Doc. No. 114). It would appear from the petitioner's filing that he is considering the claims of ineffective assistance of counsel as one claim.

5

As previously set forth by the court, the instant action arises from the petitioner's arrest and conviction in the Court of Common Pleas of York County on June 26, 2007. (See Commonwealth v. Young, CP-67-CR-0007563-2006). The facts underlying that arrest and conviction have been set forth by the state court as follows:

> At approximately 9:00 a.m., on the 21st day of June, 2006, Hallam Township police officer Justin Golder observed Appellant traveling in excess of 100 mph and tailgating another vehicle, while going eastbound on Route 30 in York County. Officer Golder was alerted to Appellant's traffic violations by Springettsbury Township police officer Gregory Hadfield, who was in the process of transporting a prisoner to the York County Prison, which rendered him unable to initiate the traffic stop.
> 
> Once Officer Golder stopped Appellant's vehicle, he observed Appellant had glassy eyes and an odor of alcohol emanating from his person before being removed from his vehicle. Within minutes, Officer Pollock arrived on the scene and observed that Officer Golder had approached the driver's side of the vehicle and was conversing with Appellant. Officer Pollock was also able to detect an odor of alcohol coming from the driver. Eventually, Appellant was removed from his vehicle in anticipation of performing some field sobriety tests; it being determined by police that Appellant was probably under the influence of alcohol or some other controlled substance. Appellant was directed to the rear of his vehicle, and Officer Pollock explained that for safety purposes no sobriety exercises would be conducted without first patting down the accused for weapons for the officers' safety – this was a matter of department policy.
> 
> Appellant failed on two occasions to comply with Officer Pollock's request to place his hands on the hood of the cruiser. Officer Golder came to Officer Pollock's aid by grabbing Appellant's left arm to seek compliance with their request to Appellant that he keep both hands on the hood. A struggle ensued, which resulted in Appellant being wrestled to the ground and handcuffed. Appellant continued to twist and turn to preclude

> the police officers from accessing the right side of his pants pocket – Appellant "was fighting with everything he had." N.T., 3/29/07, at 10. This caused Officer Golder to administer his taser, which incapacitated Appellant and allowed the police officers to empty his pockets and secure an "Advil" bottle, which contained four baggies later tested to contain crack cocaine.
>
> After Appellant's arrest, he was placed in a police cruiser and taken to the station were his blood alcohol was tested and read .08%. His vehicle was towed to a secured lot operated by the police. On June 23, 2006, Officer Golder obtained a warrant and searched Appellant's vehicle, which produced additional cocaine for a total seizure (bottle and jacket in vehicle) of 62.8 grams.

(Doc. No. 15, Attached pp. 11-13). Petitioner was charged with the previously outlined offenses.

On February 20, 2007, the petitioner filed a counseled pre-trial motion seeking the suppression of evidence seized by police. A hearing on the motion was held on March 29, 2007, in the York County Court of Common Pleas. On April 26, 2007, an opinion and order was issued denying the petitioner's suppression requests. (Doc. No. 15, pp. 124-130).

A bench trial held on June 26, 2007, resulted in the petitioner being found guilty. (Doc. No. 15, pp. 97-98). On August 20, 2007, the court imposed an aggregate three to six year sentence of imprisonment.

On September 21, 2007, the petitioner filed a direct appeal in the Pennsylvania Superior Court docketed to 1734 MDA 2007. (Doc. No. 15, p. 79). By order dated November 27, 2007, the Superior Court dismissed the

appeal for petitioner's counsel's failure to comply with the requirements of Pa.R.A.P. 3517. (Id. at p. 80). On January 11, 2008, the court denied petitioner's request for reconsideration, (Id.).

On August 8, 2008, the petitioner, through new counsel, filed a post-conviction petition seeking to have his direct appeal rights reinstated. The petition was unopposed by the Commonwealth. The petition was granted by order dated September 19, 2008, and the petitioner's direct appeal rights were reinstated.

On October 6, 2008, the petitioner filed a notice of direct appeal in the Pennsylvania Superior Court which was docketed to 1763 MDA 2008. On June 29, 2009, the Pennsylvania Superior Court affirmed the petitioner's conviction. In his appeal in the Pennsylvania Superior Court, the petitioner raised two claims: (1) the officers had no right to frisk or search the petitioner; and (2) the search warrant for the search of the petitioner's car was fatally tainted by its reliance on the contraband found in the Advil bottle taken from the petitioner. (Doc. No. 1, Ex. X).

On July 28, 2009, the petitioner filed a petition for allowance to appeal in the Pennsylvania Supreme Court docketed to 744 MAL 2009[4]. The petition for allowance of appeal was denied on May 12, 2011.

---

[4]This appeal was consolidated with petitioner's appeal 420 MT 2009, which raised the same issues.

On May 31, 2011, during the course of the instant action, the petitioner filed in the state court a post-conviction petition in which he alleged his trial counsel was ineffective at his suppression hearing. On August 1, 2011, a hearing was held on the petition, after which the court found that the petitioner had not met his burden of establishing that his now deceased counsel was ineffective. (Doc. No. 148, Exs. 1, 2). Specifically, the court found that counsel did reasonably raise and argue the suppression claim at the previous hearing. (Doc. No. 148, Ex. 2)

The petitioner filed an appeal of the order denying his post-conviction petition in the Pennsylvania Superior Court which was docketed to 1538 MDA 2011, in which he argued that the post-conviction court erred in finding that counsel was not ineffective for not seeking the suppression of evidence from a "Terry Pat down." (Doc. No. 148, Ex. 3). By opinion dated March 6, 2012, the Superior Court found that the underlying claim was raised by defense counsel and noted its earlier decision, i.e., 1763 MDA 2008, which found that the search was not a "Terry" search, but rather a search incident to a valid arrest. As the underlying claim had been raised and addressed on direct appeal, the court affirmed that the petitioner was not entitled to post-conviction relief[5]. (Doc. No. 148, Ex. 7).

---

[5]There is no indication from either the petitioner or the Pennsylvania
(continued...)

With respect to the claims raised in the instant amended petition, as indicated above, the petitioner claims that he was subjected to unreasonable delay in the state courts depriving him of his right to due process. This court previously considered the petitioner's undue delay claim in conjunction with his original petition and found that the petitioner had failed to raise and thus exhaust his undue delay claim in the state courts rendering this claim procedurally defaulted. The court found that the petitioner had failed to overcome the procedural default because he had not alleged cause or prejudice for the default.

The petitioner now argues, as he did in his objections to the original report, that the "cause" of his failure to raise the undue delay claim was ineffective assistance of counsel. (Doc. No. 87, p. 15). To demonstrate cause, the petitioner must show that "'some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule.'" Fogg v. Phelps, 414 Fed.Appx. 420, 429–30 (3d Cir. 2011) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Examples of external impediments which have been found to constitute cause in the procedural default context include governmental interference which made compliance with the procedural rule

---

⁵(...continued)
Supreme Court docket that the petitioner filed a petition for allowance of appeal on this matter.

impracticable; a showing that the factual or legal basis for a claim was not reasonably available to counsel; and ineffective assistance of counsel. See United States v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005) (quoting Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992)). "[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioners must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust." Tome v. Stickman, 167 Fed.Appx. 320, 325 (3d Cir. 2006) (citing Edwards v. Carpenter, 529 U.S. 446, 451–52 (2000)). Upon review of the record in this case, there is no indication that the petitioner exhausted his claim that counsel was ineffective for failing to raise the undue delay claim in the state courts. In fact, the only ineffective assistance of counsel claim raised was in the petitioner's post-conviction petition in which he claimed that trial counsel was ineffective for failing to seek the suppression of evidence from a "Terry Pat down." In addition, the petitioner has failed to attempt to show cause and prejudice in the instant action for his failure to exhaust his ineffective assistance of counsel claim on this basis. Therefore, as previously recommended, the court recommends that the petitioner's undue delay claim be dismissed as procedurally defaulted without any showing of cause and/or prejudice. In addition, any substantive claim of ineffective assistance of

counsel based upon failure to raise the claim of undue delay should be dismissed as procedurally defaulted without any showing of cause and/or prejudice for the default.

With respect to the petitioner's Fourth Amendment claims, the court previously found that these claims were precluded by Stone v. Powell, supra, which bars state prisoners from obtaining federal habeas corpus relief for alleged Fourth Amendment violations. Citing to the petitioner's suppression proceedings, this court found that the petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. In his current amended petition, the petitioner argues that his counsel was ineffective in raising his Fourth Amendment claims in the state courts.

In Stone, the Supreme Court held that prisoners who had been afforded a full and fair opportunity in state court to invoke the exclusionary rule may not raise their Fourth Amendment claims on federal habeas review. See Kimmelman v. Morrison, 477 U.S. 365, 376 (1986). The Stone restriction on habeas review of Fourth Amendment claims does not extend to Sixth Amendment claims of ineffective assistance of counsel which are founded primarily on incompetent representation with regard to a Fourth Amendment issue. Id. at pp. 383–84 (1986). However, where a habeas petitioner alleges that his "counsel's failure to litigate a Fourth Amendment claim competently

12

is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." Kimmelman, 477 U.S. at p. 375 (1986).

Here, in his post-conviction petition, the petitioner argued that his counsel was ineffective in "fail[ing] to perfect a challenge to the discretionary aspects of [his] case." (Doc. No. 148, Ex. 1, pp. 6-7). Specifically, petitioner argued that counsel "failed to distinguish between reasonable suspicion in connection with a Motor Vehicle Code violation and reasonable suspicion in determining that a criminal activity is afoot that an individual is armed and dangerous to waive probable cause and implement the terry (sic) frisk." (Id.). At the conclusion of the petitioner's post-conviction hearing on the matter the court stated as follows:

> THE COURT: Counsel, I had previously reviewed the matter he had forwarded to the Court and reviewed the motion, not motion, Petitioner's Exhibit D which is now a part of the record.
> In going back through this file, the Court did grant September 18th, 2008 a petition for Post Conviction Relief Act being reinstated. He then proceeded on that particular matter. The Court also notes that the original judgment of sentence was issued August 20th, 2007. An appeal was taken to the Superior Court. On June 29th, 2009, the Superior Court issued its ruling and the Court will note that the opinion issued by the Superior Court upheld this Court's finding as to the suppression issue. The suppression issue did have a hearing and the Court made a ruling

> which denied Mr. Young's suppression motion at that time.
>
> The Superior Court, in turn, then proceeded to use the brunt of its opinion to uphold this Trial Court's opinion as to the suppression issue. Then, in turn, the appeal was taken to the Supreme Court and eventually did make it to the Supreme Court.
>
> The Court notes that a brief, once again, filed on behalf of the argument to the Supreme Court and they referenced the Superior Court's opinion as well as the lower court's opinion. And it is noted specifically that the [T]erry search was raised to the Supreme Court and arguments made by Attorney Tambourino that the search itself was illegal.
>
> The Trial Court by its previous ruling had denied the motion and, in turn, it was noted that both the appeal to the Superior Court as well as to the Supreme Court that this Court was upheld and stands by its ruling.
>
> The testimony offered today by Mr. Young is such to where it is a recounting, once again, of his concern that the [T]erry case was violated, there was no reasonable suspicion for the vehicle stop itself, and there should have been a distinction made from the beginning in Mr. Young's eyes as to the reasonable suspicion that was applicable to his case.
>
> The Court finds that based on the arguments made to this Trial Court that it stands by its ruling and denies Mr. Young's Post Conviction Relief Act petition at this juncture.

(Doc. No. 148, Ex. 1, pp. 25-26).

On appeal to the Pennsylvania Superior Court, the precise matter complained of was that the trial court erred in finding that the petitioner did not receive ineffective assistance of counsel where counsel did not make a reasonable argument as to suppressing the evidence due to an illegal "Terry Pat Down." (Doc. No. 148, Ex. ). In addressing the petitioner's appeal, after setting forth the facts and procedural history of the matter, the Superior Court indicated:

14

On June 29, 2009, this Court affirmed Appellant's judgment of sentence. See id. In doing so, this Court rejected Appellant's suppression arguments, specifically crediting the suppression court's finding and conclusion that Officer Golder did not conduct a frisk search of Appellant's person, but rather, searched Appellant incident to an arrest. See id. at 8 ("At bar, Appellant's Advil bottle containing cocaine was not seized pursuant to a frisk. Rather, it was seized following Appellant's arrest for resisting the police offers' pat down for their safety." Finding that Officer Goldner possessed probable cause to arrest Appellant, and also subsequently to obtain a warrant for the vehicular search, this Court concluded that the evidence was seized lawfully and that the trial court did not err in denying Appellant's motion to suppress. See id. at 6-8. Thereafter, Appellant filed a petition for allowance of appeal to our Supreme Court, which was denied on May 12, 2011. Commonwealth v. Young, 21 A.3d 1194 (Pa. 2011) (table).

On May 31, 2011, Appellant filed a petition under the PCRA, alleging ineffective assistance of trial counsel. In his petition, Appellant asserted that trial counsel was constitutionally deficient because he failed to argue properly the motion to suppress. Following a hearing, on August 1, 2011, the PCRA court denied Appellant's petition on that same date. The PCRA court concluded that Appellant's assertion of error was previously litigated and, consequently, Appellant was not entitled to relief under the PCRA.

\* \* \*

In this appeal, Appellant contends that trial counsel was ineffective for failing to argue that Officer Golder lacked reasonable suspicion to believe that Appellant was armed and dangerous. Appellant's Brief at 10-11. The PCRA court concluded that this issue has been previously litigated. PCRA Court Opinion, 9/22/11, at 1 (unnumbered). We agree with the PCRA court.

To be eligible for PCRA relief, one must plead and prove that an issue has not been previously litigated. 42 Pa.C.S. §9543(a)(3). The PCRA provides that issues which have been the subject of previous litigation may not be revisited upon collateral review. Id. A claim is previously litigated, *inter alia* when this Court

> rules on the merits of an appellant's issue on direct appeal, and our Supreme Court denies allowance of appeal. See 42 Pa.C.S. §9544(a)(2); Commonwealth v. Derk, 913 A.2d 875 (Pa.Super. 2006).
>
> Here, while casting his claims in terms of counsel's ineffectiveness, Appellant does nothing more than attempt to re-litigate issues of fact and law that were disposed of by this Court on direct appeal. This Court directly addressed the arguments that Appellant presently advances, and resolved them by crediting the suppression court's factual finding that Appellant was never subjected to a frisk search, but instead, was searched incident to a lawful arrest. Moreover, this Court concluded unequivocally that the evidence seized from Appellant's person and vehicle was obtained in a constitutional manner. Because Appellant previously litigated the underlying suppression issue that constitutes his current claim of ineffectiveness, the PCRA court did not err in denying Appellant's PCRA petition. See Commonwealth v. Stokes, 839 A.2d 226, 229 (Pa. 2003) ("[A]ppellant cannot obtain post conviction review of claims previously litigated on appeal by alleging ineffectiveness of prior counsel and presenting new theories of relief to support previously litigated claims."). We therefore affirm the PCRA court's order.

(Doc. No. 148, Ex. 7, pp. 3-5).

In light of the state courts' findings, as set forth above, the petitioner has not established that his Fourth Amendment claims are meritorious as is required for him to allege ineffective assistance of counsel for failure to competently litigate the Fourth Amendment claims. Kimmelman, supra. Therefore, the petitioner is not entitled to have either his substantive Fourth Amendment claims, nor his Sixth Amendment claim of ineffective assistance of counsel related to the Fourth Amendment claims, addressed herein.

With respect to the remaining claim that counsel was ineffective for

interfering with the petitioner's right to testify, as discussed above, there is nothing in the record to indicate that the petitioner raised this claim in the state courts. As is the claim for undue delay, this claim is therefore procedurally defaulted, with the petitioner having presented no argument with respect to cause and prejudice for the default. As such, the claim should be dismissed.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 87)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 21, 2012

O:\shared\REPORTS\2009 Reports\09-2513-02.wpd