FILED
SCRANTON
OCT 16 2012

PER _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE D. YOUNG,

    Petitioner,

v.

COMMONWEALTH OF
PENNSYLVANIA and PA STATE
ATTORNEY GENERAL,

    Respondents.

Civil Action No. 3:09-CV-02513

(Judge Kosik)

## MEMORANDUM

Petitioner, Johnnie D. Young, is currently an inmate at the State Correctional Institution, Coal Township, Pennsylvania. (Doc. 1). Petitioner filed, *pro se*, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in York County, Pennsylvania, on charges of possession of cocaine, possession of cocaine with intent to deliver, possession of drug paraphernalia, driving under the influence, disregard of traffic control device, and following another vehicle too closely.[1] (Doc. 1 and 87). The petition for writ of habeas corpus sets out six claims:

> (1) the vehicle stop underlying his charges was unconstitutional; (2) he was subject to unreasonable delay depriving him of due process in his state court proceedings; (3) there was insufficient cause to search his person and that the evidence recovered from the search was inadmissible; (4) his counsel was generally ineffective; (5) his counsel was specifically ineffective for failing to challenge "discretionary aspects of the case"; and (6) counsel was ineffective for "interfering with the petitioner testifying."

(Doc. 161, p. 4-5).[2] On August 21, 2012, Magistrate Judge Malachy E. Mannion issued a Report and Recommendation ("R&R") recommending that the petition for writ of habeas corpus be denied. (Doc. 161). Currently before the Court are Petitioner's objections to the

---

[1] This case has a complicated procedural history. The exact procedural history of this case will be set out later in the Memorandum.

[2] As the Report and Recommendation of the Magistrate Judge indicates, "[i]n a subsequent filing, the petitioner indicates that his petition raises only four claims. (Doc. 114) It would appear from the petitioner's filing that he is considering the claims of ineffective assistance of counsel as one claim." (Doc. 161, fn. 3).

R&R (Doc. 162), the Respondent's response to Petitioner's objections (Doc. 163), and Petitioner's reply to opposition (Doc. 164). For the reasons which follow, we will adopt the R&R and deny the petition.

**Factual Background & Procedural History**

The instant action arises from the Petitioner's arrest and conviction in the Court of Common Pleas of York County. *See Commonwealth v. Young,* CP-67-CR-0007563-2006. The facts underlying that arrest and conviction have been set forth by the state court as follows:

> At approximately 9:00 a.m., on the 21st day of June, 2006, Hallam Township police officer Justin Golder observed [Petitioner] traveling in excess of 100 mph and tailgating another vehicle, while going eastbound on Route 30 in York County. Officer Golder was alerted to [Petitioner's] traffic violations by Springettsbury Township police officer Gregory Hadfield, who was in process of transporting a prisoner to the York County Prison, which rendered him unable to initiate the traffic stop.
> Once Officer Golder stopped [Petitioner's] vehicle, he observed [Petitioner] had glassy eyes and an odor of alcohol emanating from his person before being removed from his vehicle. Within minutes, Officer Pollock arrived on the scene and observed that Officer Golder had approached the driver's side of the vehicle and was conversing with [Petitioner]. Officer Pollock was also able to detect an odor of alcohol coming from the driver. Eventually, [Petitioner] was removed from his vehicle in anticipation of performing some field sobriety tests; it being determined by police that [Petitioner] was probably under the influence of alcohol or some other controlled substance. [Petitioner] was directed to the rear of his vehicle, and Officer Pollock explained that for safety purposes no sobriety exercises would be conducted without first patting down the accused for weapons for the officers' safety - this was a matter of department policy.
> [Petitioner] failed on two occasions to comply with Officer Pollock's request to place his hands on the hood of the cruiser. Officer Golder came to Officer Pollock's aid by grabbing [Petitioner's] left arm to seek compliance with their request to [Petitioner] that he keep both hands on the hood. A struggle ensued, which resulted in [Petitioner] being wrestled to the ground and handcuffed. [Petitioner] continued to twist and turn to preclude the police officers from accessing the right side of his pants pocket - [Petitioner] "was fighting with everything he had." N.T., 3/29/07, at 10. This caused Officer Golder to administer his taser, which incapacitated [Petitioner] and allowed the police officers to empty his pockets and secure an "Advil" bottle, which contained four baggies later tested to contain crack cocaine.
> After [Petitioner's] arrest, he was placed in a police cruiser and taken to the station where his blood alcohol was tested and read .08%. His vehicle was towed to a secured lot operated by the police. On June 23, 2006, Officer Golder obtained a warrant and searched [Petitioner's] vehicle, which produced additional cocaine for a total seizure (bottle and jacket in vehicle) of 62.8 grams.

(Doc. 15, Att. 3, p. 1-3).

Petitioner filed a counseled pre-trial motion seeking suppression of the evidence found by police on February 20, 2007. (Doc. 161, p. 7). A suppression hearing was held on March 29, 2007, in the York County Court of Common Pleas. *See* Criminal Docket Sheet CP-67-CR-0007563-2006. The court then issued an opinion and order denying the Petitioner's suppression request on April 26, 2007. (Doc. 15, Att. 11).

A bench trial was held on June 26, 2007. *See* Criminal Docket Sheet CP-67-CR-0007563-2006. Petitioner was found guilty and the court imposed an aggregate sentence of three to six years of imprisonment. (Doc. 15, Att. 8).

On September 21, 2007, Petitioner filed a direct appeal in the Pennsylvania Superior Court docketed to 1734 MDA 2007. (*Id.* at Att. 7). The Superior Court dismissed the appeal for Petitioner's counsel's failure to comply with the requirement of Pa.R.A.P. 3517. (*Id.*). The court denied Petitioner's request for reconsideration. (*Id.*). Petitioner successfully had his direct appeal rights reinstated when new counsel filed a post-conviction petition which was granted by order dated September 18, 2008. (Doc. 161, p. 8). The petition was unopposed by the Commonwealth. (*Id.*).

Petitioner again filed a notice of direct appeal in the Pennsylvania Superior Court docketed to 1763 MDA 2008 on October 8, 2008. (Doc. 15, Att. 6). In his appeal, Petitioner raised two claims: (1) the officers had no right to frisk or search [Petitioner]; and (2) the search warrant for the search of [Petitioner's] car was fatally tainted by its reliance on the contraband found in the Advil bottle. (Doc. 1, Ex. X). On June 29, 2009, the Pennsylvania Superior Court affirmed the Petitioner's conviction. (Doc. 15, Att. 6).

On July 28, 2009, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court docked to 744 MAL 2009.[3] (*Id.*). On May 12, 2011, the Petition for Allowance of Appeal was denied. *See* Criminal Docket Sheet CP-67-CR-

---

[3]This appeal was consolidated with Petitioner's appeal at 420 MT 2009, which raised the same issues. (Doc. 15, Att. 2).

0007563-2006.

On May 31, 2011, Petitioner filed a Post-Conviction Relief Act (PCRA) petition in state court. *See* Criminal Docket Sheet CP-67-CR-0007563-2006. In the PCRA petition, Petitioner alleged ineffective assistance of counsel. (Doc. 111, Att. 1). A hearing was held on the petition on August 1, 2011, after which the court denied the PCRA petition and found that Petitioner's now deceased counsel reasonably raised and argued the suppression claim. (Doc. 148, Ex. 1).

Petitioner appealed the order denying his PCRA petition in the Pennsylvania Superior Court, docketed to 1538 MDA 2011, arguing that the PCRA court erred in denying the petition because Petitioner's counsel was ineffective. (*Id.* at Ex. 5). The Pennsylvania Superior Court found that the underlying claim was raised by defense counsel. (*Id.* at Ex. 7). Specifically, the Court affirmed the PCRA court's order explaining:

> Here, while casting his claims in terms of counsel's ineffectiveness, [Petitioner] does nothing more than attempt to re-litigate issues of fact and law that were disposed of by this Court on direct appeal. This Court directly addressed the arguments that Appellant presently advances, and resolved them by crediting the suppression court's factual finding that Appellant was never subjected to a frisk search, but instead, was searched incident to a lawful arrest. Moreover, this Court concluded unequivocally that the evidence seized from [Petitioner's] person and vehicle was obtained in a constitutional manner. Because [Petitioner] previously litigated the underlying suppression issue that constitutes his current claim of ineffectiveness, the PCRA court did not err in denying [Petitioner's] PCRA petition.

(*Id.*) (internal citations omitted).[4]

Petitioner filed his initial habeas corpus petition in this court on December 22, 2009 raising several grounds. (Doc. 1). On August 9, 2010, the Magistrate Judge issued a R&R, (Doc. 41), recommending that the petition be denied because Petitioner "had failed to raise and thus exhaust his undue delay claim in the state courts, rendering the claim procedurally defaulted, and further, that the [Petitioner] had failed to show cause or prejudice for the

---

[4] As the Magistrate Judge points out, there "is no indication from either the Petitioner or the Pennsylvania Supreme Court docket that the petitioner filed a petition for allowance of appeal on this matter." (Doc. 161, fn. 5).

default." (Doc. 161, p.2). The Magistrate Judge also recommended that the two Fourth Amendment claims be barred pursuant to *Stone v. Powell,* 428 U.S. 465 (1976), as Petitioner had a full and fair opportunity to litigate those claims in state court. (*Id.*).

Petitioner objected to the R&R, raising claims of ineffective assistance of counsel for the first time. (Doc. 44). Petitioner argued that though his Fourth Amendment claims were admittedly barred by *Stone,* he did not have a full and fair opportunity to litigate these claims in state court due to ineffective assistance of counsel. (*Id.*). Petitioner argued that his Fourth Amendment claims needed to be considered in the context of ineffective assistance of counsel. (*Id.*). Petitioner also argued that his undue delay claim was not procedurally defaulted because the delay was due to ineffective assistance of counsel. (*Id.*).

On November 22, 2010, this Court issued an order declining to adopt the R&R of the Magistrate Judge because Petitioner was not informed of his rights and responsibilities in filing a § 2254 habeas corpus action in accordance with *Mason v. Myers,* 208 F.3d 414 (3d Cir. 2000). (Doc. 53). The matter was remanded back to the Magistrate Judge for further proceedings, including the issuance of a Notice of Election pursuant to *Mason.* (*Id.*).

On remand, the Magistrate Judge issued an administrative order advising Petitioner of his rights, as well as a notice of election giving Petitioner 45 days to inform the court as to whether he would like to proceed with his petition as filed, or if he would like to withdraw his petition and file a comprehensive § 2254 petition raising all ground for relief from his conviction. (Doc. 54). In response, the Petition filed a document entitled "Amendment to Petition Filed for Writ of Habeas Corpus." (Doc. 55). The Petitioner also filed a letter to the Clerk of Court on December 14, 2010. (Doc. 58). In the correspondence, Petitioner expressed confusion regarding the administrative order. (*Id.*).

On March 8, 2011, Respondents moved to dismiss the amended petition because Petitioner improperly raised his ineffective assistance of counsel claim and failed to comply with the Court's directive. (Doc. 78). The Magistrate Judge then issued an order dated April

5

18, 2011, agreeing that Petitioner's amended petition did not meet the requirements of the administrative order, but allowing the Petitioner an additional opportunity to submit a proper filing. (Doc. 86).

Petitioner filed his "One All Inclusive Writ of Habeas Corpus Petition" on April 28, 2011. (Doc. 87). This petition raised the four claims:

> (1) the vehicle stop underlying his charges was unconstitutional; (2) he was subject to unreasonable delay depriving him of due process in his state court proceedings; (3) there was insufficient cause to search his person and that the evidence recovered from the search was inadmissible; (4) his counsel was generally ineffective; (5) his counsel was specifically ineffective for failing to challenge "discretionary aspects of the case"; and (6) counsel was ineffective for "interfering with the petitioner testifying."

(Doc. 161, p. 4-5). The ineffective assistance of counsel claims, numbers (4) - (6), are considered one claim.[5]

Respondents filed a response to the petition on July 6, 2011. (Doc. 111). Petitioner filed a reply brief, (Doc. 112), and exhibits, (Doc. 113), on July 19, 2011. Petition then filed an amended reply, (Doc. 114), and additional exhibits, (Doc. 116), on July 25, 2011 and August 10, 2011, respectively.

On March 28, 2012, the Magistrate Judge filed an order noting that as of the filing of the response to the amended petition, Petitioner had a PCRA petition that was still pending with a hearing scheduled. (Doc. 139). At that time, it was unclear whether the PCRA petition had been exhausted or was still pending. (*Id.*). As a result, the Respondents were ordered to file a short and concise document indicating the status of the PCRA petition, and copies of the corresponding documents from state court if it had been exhausted. (*Id.*). Respondents filed a response to this order on April 9, 2012. (Doc. 148). The response indicated that Petitioner had exhausted his state court remedies with respect to his PCRA petition, and included a copy of the state courts' documents relating thereto. (*Id.*).

On August 21, 2012, the Magistrate Judge issued a R&R recommending that we deny

---

[5]See footnote 2.

6

Petitioner's petition for writ of habeas corpus. (Doc. 161). Petitioner filed objections to the R&R on August 28, 2012. (Doc. 162). Respondents then filed a response to Petitioner's objections. (Doc. 163). Finally, Petitioner filed a reply to opposition (Doc. 164).

## Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

Petitioner objects to the Magistrate Judge's R&R, arguing that he has not procedurally defaulted on his claim that counsel was ineffective for interfering with Petitioner's right to testify and his claim for undue delay. (Doc. 162). Petitioner further objects to the R&R, arguing he was denied a full and fair opportunity to litigate his Fourth Amendment claims due to ineffective assistance of counsel. (Doc. 162, 164). Finally, Petitioner objects to the R&R claiming that there are factual disputes regarding the credibility determinations made by the suppression court, specifically arguing that the police officers' testimony at the suppression hearing was based on perjury, tampering with evidence, and fabricated probable cause. (*Id.*).

Respondents filed a response to the Petitioner's objections. (Doc. 163). In the response, Respondents argues that Petitioner's objections concerning factual disputes

7

regarding the credibility determinations made by the suppression court is not a legitimate basis for an objection to a R&R of a magistrate judge. (*Id.*). Petitioner responds to Respondents arguing, once again, that the vehicle stop was unconstitutional and the evidence should have been lawfully suppressed. (Doc. 164).

## I. Exhaustion and Procedural Default

Petitioner argues that he was subjected to unreasonable delay in the state court proceedings resulting in a violation of his right to due process and that his counsel was ineffective for interfering with Petitioner's right to testify. However, before a federal court can review the merits of a state prisoner's habeas petition, it must determine whether the petition has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[6] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA

---

[6]Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, No. 218, Judicial Administration Docket No. 1 (May 5, 2000)(per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

petition. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts both on direct appeal and in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000)(citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997)).

In his objection to the Magistrate Judge's Report and Recommendation, Petitioner argues he has not procedurally defaulted on the undue delay claim or ineffective assistance of counsel for interfering with his right to testify claim. (Doc. 162). Petitioner cites a previously filed document[7] in support of his argument. (*Id.* at ¶ 2). In that document, Petitioner argues that he did previously raise these issues in the state court and that the state failed to address them. Petitioner claims that he presented the unreasonable delay claim[8] "first on 20 May 2007 in York County Clerk of Courts through pro se petition to nolle posse and amended petitioner to nolle posse on 31 May 2007." (sic.) (Doc. 45, ¶ 26). A review of the record also shows that Petitioner raised a claim concerning ineffective assistance of counsel for interfering with Defendant testifying. (Doc. 113). However, nothing in the record indicates that Petitioner presented the facts and legal theory associated with either of these claims. Nor does the record

---

[7]Petitioner cites Document 45. (*See* Doc. 162, ¶ 2). This document served as Petitioner's objections to the Magistrate Judge's Report and Recommendation filed on August 9, 2010, (Doc. 41).

[8]In the R&R dated August 9, 2010, the Magistrate Judge states that the undue delay claim is discussed in his petition for allowance to appeal in the Pennsylvania Supreme Court. (Doc. 41, p. 5). Moreover, the R&R goes on to explain that even if the undue delay claim was raised in his petition for allowance of appeal in the Pennsylvania Supreme Court, Pennsylvania Rule of Appellate Procedure 302(a) states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa. R.A.P. 302(a). "Federal courts have determined that Pa. R.A.P. 302 constitutes an independent and adequate state ground on which a state court bases its decision. *See Martinez v. Wynder*, 2007 WL 1725189, *8 (E.D. Pa. 2007) (Rule 302(a) is an adequate and independent state rule); *O'Halloran v. Ryan*, 704 F. Supp. 70, 74 (E.D. Pa. 1989) (failure to comply with Pa. R.A.P. 302(a) created a procedural default thereby barring review by federal court of issue raisedd in habeas petition), *aff'd*, 887 F.2d 262 (3d Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990)." (*Id.* at 5-6).

show that either of these claims went through one complete round of the State's established appellate review process. As such, Petitioner has failed to meet his burden of demonstrating that these claims were properly exhausted.

A claim can be unexhausted for a number of reasons. Exhaustion can be excused if the claim has not been fairly presented to the state courts but review is foreclosed by state law. *Carpenter v. Vaughn*, 296 F. 3d 138, 146 (3d Cir. 2002). If this occurs, one must consider procedural default. *See id.*

> [P]rocedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule. Federal courts may not consider the merits for a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice.

*Id.* quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In order to show "cause," a petitioner must point to the existence of some objective, external factor that impeded petitioner's efforts to comply with a state's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" can be shown if the petitioner can demonstrate that the outcome of the state proceeding was unreliable or fundamentally unfair as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

Petitioner argues that the cause of his failure to raise his claims was ineffective assistance of counsel. "But for ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioners must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust." *Tome v. Stickman*, 167 Fed Appx. 320, 325 (3d Cir. 2006) *citing Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Murray*, 477 U.S. 478, 489 (1986). Petitioner has failed to show that he raised and successfully exhausted claims of ineffective assistance of counsel for undue delay or for interfering with Defendant's right to testify. The only ineffective assistance claim Petitioner successfully exhausted concerned counsel's failure to seek suppression of evidence from a "Terry Pat down." Petitioner has also failed to show cause and prejudice in this action for his

10

failure to exhaust these ineffective assistance of counsel claims. As such, Petitioner has failed to show cause and/or prejudice to excuse procedural default and this Court is barred from hearing these claims.

Petitioner also argues that his claim is not barred by procedural default because there would be a fundamental miscarriage of justice if the Court does not review his claim. (Doc. 87, p. 16).

> [F]or the most part, 'victims of a fundamental miscarriage of justice will meet the cause-and-prejudice standard.' But we do not pretend that this will always be true. Accordingly, we think that in an extraordinary case, where a constitutional violation has probably resulted in a conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

*Murray,* 477 U.S. at 495-96. The miscarriage of justice which Petitioner alleges is that by denying his suppression motion, Pennsylvania has denied him a full and fair opportunity to present his claims. He also alleges actual innocence and new evidence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). The Petitioner must persuade the Court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329.

Petitioner's only allegations of "new" evidence were facts and circumstances known to him throughout his entire criminal case. His allegations consist of an elaborate conspiracy by the police officers involved in order to convict Petitioner. He has not alleged a new eyewitness, scientific evidence or critical physical evidence. While he mentions that a man identified as Paul, the apparent owner of the towing company that retrieved Petitioner's car after he was arrested and took it to the police lot, was told different locations on where to pick up his car, this evidence is not reliable. There is no letter from Paul, let alone a sworn affidavit, explaining any issues the towing company faced the day Petitioner's car was picked

11

up. Further, Petitioner has not shown that, in light of this alleged new evidence, that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. Ultimately, Petitioner has failed to show a fundamental miscarriage of justice which would bar procedural default.

## II. Fourth Amendment Rights

Petitioner argues that the vehicle stop underlying his charges was unconstitutional and that there was insufficient cause to search his person and that the evidence recovered from the search was inadmissible. (Doc. 161, p. 4-5). These claims, as alleged violations of Petitioner's Fourth Amendment rights, are precluded from review under *Stone v. Powell,* 428 U.S. 465 (1976). In *Stone,* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. Petitioner was provided an opportunity for full and fair litigation of these Fourth Amendment claims. The constitutionality of the search and seizure was initially considered during a suppression hearing, and later in various appellate and post-conviction proceedings. As such, Petitioner may not be granted federal habeas corpus relief on these grounds.

## III. Ineffective Assistance of Counsel

Plaintiff argues that he received ineffective assistance of counsel because counsel was generally ineffective and because counsel failed to challenge discretionary aspects of his case, namely the constitutionality of the vehicle stop and subsequent search of Petitioner's person and vehicle. (Doc. 161, p. 4-5). The Magistrate Judge correctly pointed out that the *Stone* restriction on habeas review of Fourth Amendment claims does not extend to Sixth Amendment claims of ineffective assistance of counsel based on incompetent representation with regard to a Fourth Amendment issue. *See Kimmelman v. Morrison,* 477 U.S. 365, 484-84 (1986). If, in a habeas petition, "counsel's failure to litigate a Fourth Amendment claim

competently is the principal allegation of ineffectiveness, the [petitioner] must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375. In the R&R, the Magistrate Judge found that, in light of the state courts' findings, Petitioner failed to establish that his Fourth Amendment claims underlying his ineffective assistance of counsel claims were meritorious. (Doc. 161, p. 12-16). Petitioner objects to this finding, arguing that his Fourth Amendment claims are meritorious.

Section 2254(e)(1) of Title 28 of the United States Code states that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). As discussed above, Petitioner only makes broad accusations of an elaborate conspiracy of the police officers involved and he disputes the facts and the credibility of the officers' testimony. However, Petitioner has failed to rebut the presumption of correctness by clear and convincing evidence regarding the State courts' determination of factual issues. Considering the state courts' findings and the record before us, we find that Petitioner's underlying Fourth Amendment claims are not meritorious. As the state courts have found, Petitioner was not searched pursuant to a *Terry* frisk, but instead was searched incident to an arrest. (*See* Doc. 148, Ex. 7). Because Petitioner has failed to show that his claims were meritorious, he is not entitled to have federal habeas corpus relief on these grounds.

## Conclusion

Based on the foregoing, we will adopt the R&R of the Magistrate Judge and we will deny the petition for writ of habeas corpus.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNIE D. YOUNG, <br><br> Petitioner, <br><br> v. <br><br> COMMONWEALTH OF PENNSYLVANIA and PA STATE ATTORNEY GENERAL, <br><br> Respondents. | Civil Action No. 3:09-CV-02513 <br><br> (Judge Kosik) |

**ORDER**

AND NOW, this *16* day of October, 2012, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated August 21, 2012 (Doc. 161) is hereby ADOPTED;

2. Petitioner's Objections to the Report and Recommendation filed on August 28, 2012 (Doc. 162) are OVERRULED;

3. Petitioner's petition for writ of habeas corpus (Doc. 87) is denied;

4. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge